# Exhibit B



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/282,479 | 03/31/1999 | WILLIAM J. BEYDA | 99-P-7537-US | 8685 |

7590    12/20/2002

SIEMENS CORPORATION
INTELLECTUAL PROPERTY DEPARTMENT
186 WOOD AVENUE SOUTH
ISELIN, NJ  08830

| EXAMINER |
|---|
| BROWN, CHRISTOPHER J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2134 | 3 |

DATE MAILED: 12/20/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/282,479 | BEYDA ET AL. |
| | Examiner | Art Unit |
| | Christopher J Brown | 2131 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on **31 March 1999**.
2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _1-20_ is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) _1-3,7-13,17-20_ is/are rejected.
7) ☒ Claim(s) _4-6 and 14-16_ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on _31 March 1999_ is/are:  a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☒ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _2_.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

Application/Control Number: 09/282,479　　　　　　　　　　　　　　　　　　Page 2
Art Unit: 2131

### 1. DETAILED ACTION

### 2. *Specification*

The title of the invention is not descriptive. A new title is required that is clearly indicative of the invention to which the claims are directed.

The following title is suggested: Embedding Recipient Specific Comments in Electronic Messages using Encryption

### 3. *Claim Rejections - 35 USC § 102*

4. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

5. A person shall be entitled to a patent unless –

6. (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

7.　　Claim 1, 2, 11, and 12 are rejected under 35 U.S.C. 102(e) as being anticipated by Kohler U.S. Patent 6,192,396.

Application/Control Number: 09/282,479  Page 3
Art Unit: 2131

8. As per claim 1, Kohler discloses a method of sending electronic messages with recipient specific content, (see Col 1 lines 47-51). Kohler discloses that the method of creating a message with recipient specific content. This method first contains the step of creating all or part of a message that, without further instructions, will be sent to all the recipients listed, (see Col 6 lines 57-62). Kohler states that a specific portion of a message may be chosen for sending to a selected subset of the recipients, (see Col 1 60-63, Col 6 54-56). Kohler does not explicitly state that the selected comment can only be reviewed by the selected subset. The Examiner asserts however, that the act of sending the comment only to certain recipients allows those recipients to exclusively review the comment. Kohler discloses that the writer must determine the recipients by inputting them into the appropriate email fields, (see Col 1 lines 55-58, Col 6 lines 1-3, 13-18). Kohler further discloses that the subset that will receive the selected comment must also be determined by making a selection from the list of recipients, (see Col 1 lines 63-67, Col 6 lines 65- Col 7 line 1) Kohler states that the message is sent to all designated recipients, and that there may be certain selected comments that are only sent to certain individuals, (see Col 10 lines 21-22, 26-32, 50-52).

9. As per claim 2, Kohler discloses that determining the recipients includes designating a list of recipients, see Col 6 lines 1-3, 13-18). Kohler also discloses creating a subset of recipients, (see Col 6 lines 65- Col 7 line 1). It is disclosed that separate messages are generated for recipients on separate lists, (see Col 11 lines 30-32). Therefore the

Application/Control Number: 09/282,479  Page 4
Art Unit: 2131

examiner asserts that the CPU must determine whether a recipient is on both the list of all recipients, and also on a second list of a selected subset of recipients.

10. As per claim 11, Kohler discloses a system for delivering electronic messages comprising a number of client email stations and an email server, (see Col 3 lines 49-54). Kohler discloses that an email may be generated at any of the email clients, (see Col 3 lines 63- 67). The email contains a message of which selected portions may only be viewed by a subset of the recipients, (see Col 6 lines 54-59, Col 10 lines 21-22). Kohler does not explicitly state that the selected comment may only be viewed on a selected subset of client email stations. The examiner asserts however that the selected comment may only be sent to the email client that a member of the selected subset of recipients is using, (see Col 4 lines 10-16). Therefore, the comment may only be reviewed at a selected subset of email clients. Kohler discloses a general Computer System that may be used as the email server, (see Col 4 lines 55-65, Fig 2, Fig 3). It is stated that the CPU of the computer system is interfaced with the computer bus, (see Col 4 lines 56-58). Also connected to the computer bus is the network interface, (see Col 4 lines 58-63). The examiner asserts that through the computer bus and network interface, the CPU of the email server is coupled to the plurality of email clients and vise versa, (see Col 3 lines 51- 53, Fig 1). Kohler discloses that the CPU loads and executes stored process steps from main memory in order to execute applications, (see Col 5 lines 1-5). In a client email computer system the CPU loads email applications for generating and sending email, (see Col 5 lines 23-26). These email applications deliver the recipient specific messages, (see Col 11, lines 29-38). Recipients can then review their specific email from the email

Application/Control Number: 09/282,479                                Page 5
Art Unit: 2131

server, using applications loaded by their CPU at their specific email client station (see Col 4 lines 10-16, Col 5 lines 26-28). Although Kohler does not explicitly state that the email is sent to the user email clients, the examiner asserts that it must be sent from the Server to the client in order for the recipient to view the message.

11. As per claim 12, Kohler discloses that separate messages are generated for recipients on separate lists, (see Col 11 lines 30-32). Therefore the examiner asserts that the CPU must determine whether a recipient is on both the list of all recipients, and also on a second list of a selected subset of recipients.

### *12. Claim Rejections - 35 USC § 103*

13. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

14. Claim 3 is rejected under 35 U.S.C. 103(a) as being unpatentable over Kohler U.S. 6,192,396 in view of (Carden the Microsoft Computer Dictionary Third Edition, "Applied Cryptography Second Edition" by Bruce Schneier, and www.securitydynamics.com/products/datasheets/securpc.html)

15. As per claim 3, Kohler discloses an email system that is capable of transmitting a common message portion to a set of recipients and a comment to a selected subset of the recipients. Kohler does not disclose encryption of said comment. Kohler does not

Application/Control Number: 09/282,479 Page 6
Art Unit: 2131

disclose the ability to determine whether a recipient is allowed to decode said encrypted comment.

16. Carden teaches encryption of an email attachment (Carden Page 2). This attachment may be an electronic document (MS Dictionary pg 34). The examiner therefore asserts that said comment may be encrypted and attached to said email. It is determined whether a recipient is allowed to decode said encrypted comment by a method of password protection. If the recipient inputs the correct password the attachment will decrypt without the need of addition software, ie. self decrypting, ( page 2 paragraph 6). If the incorrect password is entered the comment will remain encrypted.

17. The ability to encrypt and attached document to email taught by Carden, and is added to the email system disclosed by Kohler. The result is a recipient specific email system with the ability to attach encrypted comments to only those it is intended for.

18. It would be obvious to one skilled in the art to make the Kohler-Carder combination because of the security benefits resulting from encryption. Motivation to make the combination is desire to keep data private, and secure. (www.securitydynamics.com/products/datasheets/securpc.html page 1 paragraphs 5,6), (Schneier Preface xix, paragraph 5).

19. Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Kohler U.S. 6,192,396 in view of Carden, as applied to claims 1, 2, and 3 above, and in further view of (Ji U.S. 5,889,943, the Microsoft Computer Dictionary Third Edition, and "Applied Cryptography Second Edition" by Bruce Schneier)

Application/Control Number: 09/282,479  Page 7
Art Unit: 2131

20. The Carden-Kohler combination encrypts said comment as an attachment to the common message as disclosed in Claim 3 above. The combination creates two lists, and transmits the comment to only people on both of said lists as written above in claims 1, and 2. The system then sends the message to a message processor.

21. Ji teaches a proxy server that handles email (Ji col 3, lines 18-22). The proxy server contains a messages processor, (Ji col 5 lines 18-32). The proxy server of Ji decrypts encrypted email in order to scan for viruses, (Ji col 17 lines 53-58, Fig 8B). After scanning and processing, the mail message is forwarded on to the recipient.

22. In adding Ji to the Kohler-Carden email system an extra step is added. Instead of sending email directly from client to server, the email is sent from client to Proxy Server where it is decrypted and virus elimination is performed, (Ji col 3 lines 42-54, col 17 lines 53-58). The message is then forwarded to the recipients. It would be obvious to add Ji to the Carden-Kohler combination because of the destructive nature of computer viruses and worms. There is a need to eliminate them in computers and networks before they cause detrimental effects to a system (Ji col 2 lines 1-9)

23. Therefore Claim 7 is rejected.

24. Claims 8, 9, and 10 are rejected under 35 U.S.C. 103(a) as being unpatentable over Nortel in view of Kohler U.S. 6,192,396 in view of Carden, as applied to claim 7 above, and in further view of (Ji U.S. 5,889,943 the Microsoft Computer Dictionary Third Edition, and "Applied Cryptography Second Edition" by Bruce Schneier)

25. Kohler-Carden-Ji does not disclose that the message processor is a voice mail system coupled to user stations comprising telephones, or a multimeda messaging system.

Application/Control Number: 09/282,479 Page 8
Art Unit: 2131

26. Nortel discloses a unified messaging system that includes the ability to view, listen compose, and send, email, faxes and voice mail. (page 1 paragraph 2, 5). Nortel discloses the ability to use a telephone with the voice mail system, (page 2 paragraph 4).

27. By replacing the composing part of the Nortel email, with the Kohler-Carden-Ji combination, a new system is formed that allows multiple formats of recipient specific messages to be handled. Since Nortel provides multimedia management, in one instance the message processor of claim 7 would be an email server. In one embodiment the user would use a telephone to access voice mail, so the message processor of claim 7 would be a voice mail processor. Since the processor handles all of the media in the Nortel system, voice, fax, email, it is also a multimedia messaging system.

28. If one wanted to compose recipient specific emails more efficiently, adding Kohler-Carden-Ji would be time saving and error preventing. Motivation to replace the composition portion of Nortel is derived from these beneficial properties of Kohler-Carden-Ji. (Kohler col 1 lines 39-44).

29. Therefore Claims 8, 9, and 10 are rejected.

30. Claims 13, 17, 18, 19, and 20 are rejected because they are the system claims corresponding to the method claims of 3,7,8, 9,10.

31. Claims 4, 5, 6, 14, 15, and 16 are objected to due to their dependence.

32. Claim 4 is allowed because the prior art failed to disclose a method determining if particular recipient has selected the icon or performed the instruction and if so determining if said particular recipient is on said second address list of said number of recipients selected to review said comment.

Application/Control Number: 09/282,479  Page 9
Art Unit: 2131

33. Claims 5 and 6 are allowable due to their dependence on claim 4.

34. Claims 14, 15, and 16 are allowable because they are system claims corresponding to the method claims of 4, 5, and 6.

35. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Christopher J Brown whose telephone number is 703-305-8023. The examiner can normally be reached on 8:00-5:30.

36. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Gail Hayes can be reached on 703-305-9711. The fax phone numbers for the organization where this application or proceeding is assigned are 703-746-7239 for regular communications and 703-746-7239 for After Final communications.

37. Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-305-3900.

38. December 16, 2002

GAIL HAYES
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100