DIRECTION IP LAW
P.O. Box 14184
Chicago, Illinois 60614-184
(312) 291-1667
www.directionip.com

David R. Bennett
dbennett@directionip.com

**VIA E-FILING**

The Honorable Leonard P. Stark
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

June 29, 2020

Re: *Pivital IP LLC v. ActiveCampaign*, C.A. No. 19-2176-LPS
*Pivital IP LLC v. Twilio Inc.*, C.A. No. 20-254-LPS

Dear Judge Stark and Judge Hall:

This letter is submitted pursuant to the Court's Order in the above cases requesting that each party respond to certain questions with respect to Defendants' Motions to Dismiss.

**1.    (a) What claims are representative? and (b) For which claims must the Court determine eligibility?**

In the -2176 case, independent claims 1 and 11 of United States Patent No. 6,636,965 ("'965 patent") are representative. In the -254 case, only independent claim 1 of the '965 patent is being asserted. The patent eligibility for claim 1 and 11 should be determined separately because, as explained in the briefing, they are distinct implementations of the claimed invention.

**2.    (a) Is claim construction necessary before patentability can be decided? (b) If so, which term(s) must be construed?; (c) What are your proposed constructions for the term(s) you contend must be construed?**

Preliminarily, the briefing does not raise any claim construction issues. However, until Defendants have stated their non-infringement position, which would provide guidance on their anticipated construction of claim terms, it is impossible to determine whether there are claim construction issues that may impact the patentability determination.

**3.    If you are contending that factual dispute(s) should cause the Court to deny the motion, identify with specificity such factual dispute(s).**

Defendant tries to raise fact disputes about whether claim elements or combinations of elements are well-understood, routine, and conventional to a skilled artisan in the relevant field that require denying the motions to dismiss. *Berkheimer v. HP Inc.*, 881 F.3d 136, 1369 (Fed.Cir. 2018).

The specification and prosecution history of the '965 patent explain that the claimed methods and systems employ creating and using a new kind of message that enables electronic systems to do things they could not do before. In the prior art, if a user wanted to create a common electronic message for distribution to a number of receipts and add a comment or particular instructions to be delivered to fewer than all the recipients of the common message, it was necessary for users to create and send separate electronic messages: one for the recipients of the common message and a separate one for those receiving the particular instructions or comments. The invention improved upon the prior art by providing the ability to create customized messages for a recipient because a user could now create and send a single message containing a common message for general distribution plus comments that would only be received or reviewed by selected recipients.

With respect to specific limitations or groups of limitations, the structure of the electronic message having a common portion, an encrypted comment, and an icon/instruction was not conventional or generic. Another aspect of the invention that was not conventional or generic was determining whether a user who received the unique message selected an icon or performed the instruction in order to decode the comment or allow the recipient to review the comment and, specifically with respect to claim 1, determining if the recipient has selected the icon or performed the instruction and determining if the recipient is on the subset list of the recipients to review the comment.

Also supported by the specification and prosecution history, the claims as a whole are not conventional or generic. Claim 1 requires creating a message having a particular structure, creating two different address lists, sending the entire message to all recipients, determining whether the recipient selected the icon or performed the instruction, and determining if the particular recipient is on a second address list to review the comment. Claim 11 requires a message having a particular structure, the message processor is then capable to sending only the common message portion to recipients and sending the encrypted comment along with the icon or instruction to a subset of recipients, and being able to determine whether to decode the comment for review by whether a particular recipient selected the icon or performed the instruction.

Defendants arguments that the claims only disclose routine and conventional activity contradict the capabilities of the prior art described in the specification and prosecution history. As explained in the specification, the prior art electronic messaging systems had extremely limited capabilities and therefore needed to be improved. The claimed message structure could not be created by the prior art electronic messaging systems nor did the prior art electronic messaging systems have any way of determining whether a recipient of a message should have access to an encrypted portion of the message. Defendants provide no factual support for their contentions and instead argue that the disclosure of certain features in the specification means that those features are routine and conventional. However, the mere disclosure in the '953 patent does not make the disclosure well-understood, routine, and conventional. *Berkheimer*, 881 F.3d at 1369. At a minimum, there are factual disputes as to whether the above limitations, alone or in combination with the other limitations, are well-understood, routine, and conventional.

**4.      (a) Are there materials other than the complaint/answer and the intrinsic patent**

**record (i.e., the patent and prosecution history) that you contend the Court should consider in evaluating the motion?; (b) If so, identify those materials and the basis on which the Court may properly consider them at this stage**

Other than the complaint and its attachments, there are no additional materials that should be considered at the motion to dismiss phase.

**5.     What Supreme Court or Federal Circuit case is this case most like?**

The claims at issue here are most like *Finjan, Inc. v. Blue Coat Sys.*, 879 F.3d 1299 (Fed.Cir. 2018). In *Finjan*, the claims were directed to a method for computer security in which a downloadable is scanned and the virus scan results are attached to the downloadable in the form of a newly generated file. *Id.* at 1304. The defendant argued that the claim did not sufficiently describe how to implement the claimed idea. *Id.* at 1305. However, the Federal Circuit held that the claims recited more than a result because they "recite[d] specific steps—generating a security profile that identifies suspicious code and linking it to a downloadable—that accomplish the desired result." *Id.* The claims were patent eligible because they "employ[ ] a new kind of file that enables a computer security system to do things it could not do before." *Id.* at 1305. The claimed approach "allows access to be tailored for different users and ensures that the threats are identified before a file reaches a user's computer." *Id.* Similarly, in this case, the claims require a new messages structure to allow the message to be tailored for different users and sends and uses the message in a new way to control access to encrypted comments directed to specific recipients.

**6.     Why should/shouldn't the Court deny the motion without prejudice to renew at a later stage of this litigation?**

The Court should deny the motions with prejudice for two reasons. First, the claims are not directed to an abstract idea because they are directed to a new way of sending customized messages using a new message structure and operation that is more convenient, more efficient, and can reduce bandwidth issues. Second, the claims are more than directed to an abstract idea. They require creating a message with a common portion, encrypted comment intended for review by only certain recipients, and an icon/instruction for determining whether a recipient can review the encrypted comment. They also require that a particular recipient can only review the encrypted comment if the recipient is on a subset list and the recipient selects the icon or performs the instruction to review the comment. However, if the Court agrees that defendants raise a factual dispute as to whether claim terms are well-understood, routine, and conventional (*see* Pivital's response to question 3 above), the Court should deny the motions without prejudice.

                Respectfully Submitted,

                CHONG LAW FIRM

                */s/ Jimmy Chong*
                Jimmy Chong (#4839)

        2961 Centerville Road, Suite 350
        Wilmington, DE 19808
        Telephone: (302) 999-9480
        Facsimile: (877) 796-4627
        Email: chong@chonglawfirm.com

        OF COUNSEL:
        David R. Bennett
        Direction IP Law
        P.O. Box 14184
        Chicago, IL 60614-0184
        (312) 291-1667
        dbennett@directionip.com

        *Attorneys for Plaintiff Pivital IP LLC*