

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

June 29, 2020

**VIA ELECTRONIC-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re:    *Pivital IP LLC v. Twilio Inc. (C.A. No. 20-254-LPS)*

Dear Chief Judge Stark:

Pursuant to this Court's May 27, 2020 Order, Defendant Twilio Inc. submits this letter brief in response to the questions in the Court's Section 101 Motions Pre-Hearing Checklist.

**1.    (a) What claim(s) is/are representative? (b) For which claim(s) must the Court determine eligibility?**

Claim 1 is representative of the claims in U.S. Patent No. 6,636,965 (the "'965 patent") and is the only claim addressed by the Complaint. Like the other claims in the '965 patent, claim 1 is directed to selective access to a portion of an electronic message. Plaintiff Pivital IP LLC indicated that it is not asserting system claims 6 through 12. (D.I. 16 at 20.) Accordingly, the Court need only address independent method claim 1 and its dependent claims—for which claim 1 is clearly representative. The dependent claims make only minor, conventional additions to claim 1, such as a password or an email server.

**2.    Is claim construction necessary before patentability can be decided?**

The Court does not need to perform any claim construction to determine whether the '965 patent claims are directed to patent ineligible subject matter. For the purpose of identifying an abstract concept embodied by the claims and determining whether the claims recite anything significantly more than that concept, the claim language is sufficiently clear. Pivital's Opposition Brief does not identify any claim construction issues or otherwise request claim construction. When, as here, "the undisputed facts . . . require a holding of ineligibility under the substantive standards of law," resolution of patent eligibility on a Rule 12(b)(6) motion is appropriate. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

3. **If you are contending that factual dispute(s) should cause the Court to deny the motion, identify with specificity such factual dispute(s).**

No factual disputes exist that would warrant denial of Twilio's motion. Even taking all reasonable factual inferences in Pivital's favor, the '965 patent is directed to an abstract idea and does not contain anything more than the abstract idea itself. Although Pivital characterizes claim 1 as reciting a "new message structure," the plain language of the claim does not recite any "message structure," let alone a new one. Pivital's argument that this "message structure" is "more efficient" does not create a factual dispute, either. This Court has rejected similar efficiency arguments as being irrelevant to the eligibility analysis. *See British Telecomms. PLC v. IAC/InterActiveCorp*, 381 F. Supp. 3d 293, 309 (D. Del. 2019) *aff'd*, No. 2019-1917, 2020 WL 2892601 (Fed. Cir. June 3, 2020). The claimed method does not improve computer functionality itself or enable a computer system to do things it could not do before. Rather, it has long been known to send encrypted messages using an electronic messaging system.

4. **(a) Are there materials other than the complaint/answer and the intrinsic patent record (i.e., the patent and prosecution history) that you contend the Court should consider in evaluating the motion?**

There are no materials beyond the Complaint, briefs, and intrinsic patent record that the Court needs to consider in evaluating the motion.

5. **What Supreme Court or Federal Circuit case is this most like? That is, if the Court is to analogize the claims at issue in the motion to claims that have previously been found to be patent (in)eligible by a higher court, which case provides the best analogy?**

The '965 patent is directed to an idea of using an electronic messaging system, such as e-mail, to send encrypted messages that can be accessed by a selected subset of recipients. Claim 1 recites steps for "creating . . . a common message" and a "comment," "determining" recipients for the common message and the comment, and "delivering said common message portion and said comment" by "encrypting said comment," "transmitting" the common message and comment, and "determining whether a particular recipient is allowed to decode said encrypted comment." ('965 patent, 5:9-35.) Taken as a whole, the claimed method is directed to providing selected access to resources (*i.e.*, the comment).

A number of cases establish that claims directed to selective access—like claim 1 of the '965 patent—are ineligible for patenting. The most analogous case is *British Telecomms. PLC v. IAC/InterActiveCorp*, 381 F. Supp. 3d 293 (D. Del. 2019) (Judge Bryson sitting by designation) *aff'd*, No. 2019-1917, 2020 WL 2892601 (Fed. Cir. June 3, 2020). The Federal Circuit also has struck down similar claims, including in *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317 (Fed. Cir. 2020), *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266 (Fed. Cir. 2016), and *Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014 (Fed. Cir. 2017). Of those, the most instructive Federal Circuit decision is *Prism*.

The asserted claims of the patents in *Prism* pertained to a process for "(1) receiving identity data from a device with a request for access to resources; (2) confirming the authenticity of the identity data associated with that device; (3) determining whether the device identified is authorized to access the resources requested; and (4) if authorized, permitting access to the

requested resources." *Prism*, 696 F. App'x at 1017. In light of these abstract steps, the Federal Circuit agreed with the defendant/appellant that the patents-in-suit were directed to the abstract idea of "providing restricted access to resources" and rejected the patentee's argument that its claims covered a "concrete, specific solution to a real-world problem." *Id.* Under *Alice* step two, the court explained that "[t]he asserted claims merely recite a host of elements that are indisputably generic computer components," such as an "authentication server," an "access server," an "Internet Protocol network," a "client computer device," and a "database." *Id.* Even the "identity data" limitation was conventional. There was no indication that including identity data would produce "'a result that overrides the routine and conventional' use of this known feature." *Id.* at 1018.

Claim 1 of the '965 patent tracks *Prism*'s abstract idea of determining who is allowed to access resources and permitting access accordingly. Like *Prism*, which recites generic computer components like an "authentication server" and a "client computer device," the claimed method of the '965 patent is described as performed by sending messages between a generic "message processor" and "user stations." Including conventional steps of "encrypting" messages and "transmitting an icon" does not produce "'a result that overrides the routine and conventional' use of th[ese] known feature[s]." *Prism*, 696 F. App'x at 1018.

6. **Why should/shouldn't the Court deny the motion without prejudice to renew at a later stage of this litigation?**

There is no reason to delay resolution of Twilio's motion. It is a "well-settled" practice to determine patent eligibility at the motion to dismiss stage. *WhitServe LLC v. Donuts Inc.*, 390 F. Supp. 3d 571, 575 (D. Del. 2019). There are no issues of fact or claim construction that would preclude the Court from resolving this motion. And when, as here, claim limitations "have been recognized by the Federal Circuit and previous district courts as generic and conventional," it is both appropriate and encouraged to "spare the parties the burdens that would be incurred in delaying the disposition of the section 101 issue until later in the case." *British Telecomms.*, 381 F. Supp. 3d at 323.

Sincerely yours,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP/msb/6780648/50135
cc: Counsel of Record (via electronic mail)